IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.   7:05-253 |
| vs. | ) | |
| | ) | |
| Derrick Sean Feaster, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Derrick Sean Feaster's ("Feaster") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Feaster's § 2255 motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Feaster is currently incarcerated at the Federal Medical Center in Butner, North Carolina. On October 31, 2005, Feaster pled guilty to one count of possession with intent to distribute cocaine and cocaine base. On February 15, 2006, the court sentenced Feaster to seventy (70) months' imprisonment followed by four years of supervised release. Feaster did not file an appeal. Feaster filed his § 2255 motion on March 2, 2007, and moved to supplement his motion with a memorandum. On March 29, 2007, Feaster filed a memorandum supporting his § 2255 motion. In his motion and supporting memorandum, Feaster alleges a claim of ineffective assistance of counsel.

1

## II. DISCUSSION OF THE LAW

### A. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Feaster must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Feaster must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Feaster alleges his attorney, Michael A. MacKinnon ("MacKinnon"), was constitutionally ineffective for failing to raise the issue Feaster's medical condition at his sentencing, and specifically, for failing to seek a downward departure pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 5H1.4. (Feaster's § 2255 Mot. 2.)  Section 5H1.4 states, "Physical condition or appearance . . . is not ordinarily relevant in determining whether a departure may be warranted.  However, an extraordinary physical impairment may be a reason to depart downward . . . ." U.S.S.G. § 5H1.4 (2004).

Feaster claims he suffers from diabetes and kidney failure and that his condition is difficult to control in a prison environment.  In addition, Feaster claims that "he has suffered multiple emergency episodes where medics had to come to his relief" and that the prison "has not designed special diets for those being held at the Federal Medical Center for inmates/patients with these issues." (Feaster's § 2255 Mot. 2; Feaster's Mem. Supp. § 2255

2

Mot. 2.) Feaster claims that at the time of his sentencing, MacKinnon was unaware of "the cronic [sic] condition of the defendant's health." (Feaster's Mem. Supp. § 2255 Mot. 1.) However, the Presentence Investigation Report ("PSR") described Feaster's health issues in detail, and the court considered Feaster's health issues when sentencing him. (PSR 12.) Therefore, the court finds that Feaster has failed to satisfy the two-prong test set forth in Strickland. Further, to the extent Feaster's allegations can be construed as an attack on the conditions of his confinement, claims of inadequate medical treatment are not cognizable in a federal habeas corpus proceeding. United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979). Based on the foregoing, this claim is summarily dismissed.

Therefore, it is

**ORDERED** that Feaster's section 2255 motion is summarily dismissed.

**IT IS SO ORDERED.**

                                            s\Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
April 3, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.